## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE,
MASSACHUSETTS LABORERS' HEALTH AND
WELFARE FUND and NEW ENGLAND LABORERS'
TRAINING TRUST FUND; JAMES MERLONI, JR.,
as he is TRUSTEE, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LEGAL
SERVICES FUND; MARTIN F. WALSH, as he is
TRUSTEE, MASSACHUSETTS LABORERS'
ANNUITY FUND and MASSACHUSETTS
LABORERS' DISTRICT COUNCIL,
          Plaintiffs

vs.

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,
          Defendant

**04 - 12464 RWZ**

MAGISTRATE JUDGE _Cohen_

C.A. No.

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED _yes_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK _ZOM_
DATE _11/22/04_

## COMPLAINT

## NATURE OF ACTION

1.    This is a claim brought pursuant to the Miller Act, 40 U.S.C. §270a *et seq*, by the Trustees of multi-employer benefit plans and a labor union, to recover unpaid fringe benefit contributions and dues due the plans and Union for work performed under a Miller Act bond.

## JURISDICTION

2.    The Court has jurisdiction of this action pursuant to 40 U.S.C. §270a, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.    Plaintiff Paul J. McNally is a Trustee of the Massachusetts Laborers' Health and Welfare Fund. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

4.    Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Pension Fund. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

5.    Plaintiff Martin F. Walsh is a Trustee of the Massachusetts Laborers' Annuity Fund. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

6.    Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Legal Services Fund. The Massachusetts Laborers' Legal Services is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

7.    Plaintiff Paul J. McNally is a Trustee of the New England Laborers' Training Trust Fund. The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

2

8.      The Health and Welfare, Pension, Annuity, Legal Services and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

9.      The Massachusetts Laborers' District Council ("District Council" or "the Union") is a labor organization within the meaning of §301 of the LMRA, 29 U.S.C. §185. The District Council has a principal place of business at 7 Laborers Way, Hopkinton, Massachusetts, within this judicial district.

10.     Defendant Travelers Casualty and Surety Company of America ("Travelers") is a surety with a principal place of business at One Tower Square, Hartford, Connecticut.

### GENERAL ALLEGATIONS OF FACT

11.     ODF/Hoon/Peabody, Joint Venture ("Joint Venture") was the general contractor on a construction project identified as Academy Homes II ("Academy Homes") and, as required by the owner, Massachusetts Housing Finance Agency, the Joint Venture executed and furnished a labor and material payment bond with respect to this Project, naming itself as Principal and defendant Travelers as Surety. A copy of that bond is attached hereto as Exhibit A.

12.     The Joint Venture thereafter subcontracted certain work on the Academy Homes job to ODF.

13.     ODF is signatory to and bound by a collective bargaining agreement with the Massachusetts Laborers' District Council ("Union") that is effective from June 1, 2000 through May 31, 2004 ("the Agreement"). A copy of ODF's Acceptant of Agreement and Declaration of Trust is attached hereto as Exhibit B. Copies of the collective bargaining agreement and rate sheet are attached hereto as Exhibit C.

3

14.     The collective bargaining agreement requires employers to make contributions to the plaintiff Funds for each hour worked by covered employees. The agreement specifies the amount to be contributed by an employer to each of the Funds for each hour worked. Pursuant to Article XX of the agreement, delinquent employers are also required to pay interest on the delinquent contributions, together with liquidated damages, attorney's fees and the costs of collection.

## VIOLATION OF 40 U.S.C. §270a *ET SEQ*

15.     Plaintiffs hereby repeat and incorporate by reference paragraphs 1 through 14 as set forth in their entirety herein.

16.     At various times between November, 2002 and September 20, 2003, ODF sought and obtained laborers from the Union to work on the Academy Homes job.

17.     ODF failed to pay all contributions due the Funds for the work these laborers performed and owes the Funds $31,642.05 in delinquent fringe benefit contributions as a result. ODF also owes the Funds interest, fees and damages as a result of its failure to pay these contributions in a timely manner.

18.     Timely notice was sent by certified and regular mail to the owner, Massachusetts Housing Finance Agency and Travelers, on August 6, 2003. A copy of the August 6, 2003 letter is attached as Exhibit D. Further, timely notice was provided to Peabody via the negotiation of a Settlement Agreement regarding, in part, the Academy Homes job, and to which Peabody became signatory on September 23, 2003. A copy of this Settlement Agreement is attached as Exhibit E.

19.     A proof of claim with supporting documentation was filed with Travelers on or about March 3, 2004.

4

20.   To date, defendant Travelers failed to pay this claim.

21.   Travelers' failure to pay the contributions, interest, fees and damages owed on the Academy Homes job is in breach of the terms of the bond.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs respectfully pray for judgment as follows:

1.   Enter judgment in favor of the plaintiffs in the amount of $31,642.05, together with interest on the unpaid contributions, liquidated damages as set forth in ODF's collective bargaining agreement, reasonable attorneys' fees, and costs; and

2.   Such further and other relief as this Court deems appropriate.

Respectfully submitted,

PAUL J. MCNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, et al,

By their attorneys,

Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  November 19, 2004

GAG/gag&ts
ARS 6306 03-189/complt-travelers-usdc.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)** Paul J. McNally, as he is Trustee,
Mass. Laborers' Health & Welfare Fund v. Travelers Casualty and Surety Company of
America

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).**

—  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

X  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright  cases

—  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

—  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

—  V.    150, 152, 153.

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).**
N/A

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**
                                                                YES ☐    NO ☒

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)**
                                                                YES ☐    NO ☒
   **IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?**
                                                                YES ☐    NO ☐

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?**
                                                                YES ☐    NO ☒

7. **DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).**
                                                                YES ☐    NO ☒
   **OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).**
                                                                YES ☐    NO ☒

8. **DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?**
                                                                YES ☐    NO ☒
   **(a)    IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?** _____

9. **IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?** N/A

10. **IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION:** YES ☐ NO ☐   N/A   **OR WESTERN SECTION:** YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Gregory A. Geiman
ADDRESS  Segal, Roitman & Coleman, 11 Beacon Street, Suite #500, Boston, MA  02108
TELEPHONE NO.  (617) 742-0208

(Categfrm.rev - 3/97)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND and Massachusetts Laborers' District Council

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Travelers Casualty and Surety Company of America

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Anne R. Sills, Esquire
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA  02108

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION      (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                                 AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN      (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## V. NATURE OF SUIT      (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury – Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | ☐ 861 HIA 1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI 405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS – Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION      (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This is a claim to collect unpaid benefit fund contributions, brought pursuant to ERISA,
29 U.S.C. Sec. 1132.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY      N/A

JUDGE _____     DOCKET NUMBER _____

DATE
11/19/04

SIGNATURE OF ATTORNEY OF RECORD
Gregory A. Geiman

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Sent By: ;;◄



# Payment Bond

## AIA Document A312 - Electronic Format

**BOND NUMBER: 103316488**

---

**CONTRACTOR** *(Name and Address):*
ODF/HOON/PEABODY, Joint Venture
1960 Washington Street
Boston, Massachusetts 02108

**SURETY** *(Name and Principal Place of Business):*
TRAVELERS CASUALTY AND SURETY COMPANY
OF AMERICA
300 Crown Colony Drive
Quincy, Massachusetts 02169

**OWNER** *(Name and Address):*
MASSACHUSETTS HOUSING FINANCE AGENCY
One Beacon Street
Boston, Massachusetts 02108

**CONSTRUCTION CONTRACT**
Date:
Amount: $45,367,275.00
Description *(Name and Location):* MHFA PROJECT #96-006
ACADEMY HOMES II, Boston, Massachusetts

**BOND**
Date (Not earlier than Construction Contract Date):
Amount: $45,367,275.00
Modifications to this Bond:

[X] None        [ ] See Page

| CONTRACTOR AS PRINCIPAL | SURETY |
|---|---|
| Company: (Corporate Seal) | Company: (Corporate Seal) |
| ODF/HOON/PEABODY, Joint Venture | TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA |
| Signature: | Signature: |
| Name and Title: EDWARD A. FISH, JR., President | Name and Title: DEBRA J. RIGDON, Attorney-in-Fact |

*(Any additional signatures appear on the last page)*

*(FOR INFORMATION ONLY - Name, Address and Telephone)*

---

**AGENT or BROKER:**
OLDE BAY INSURANCE AGENCY, INC.
6 City Square, P.O. Box 290788
Boston, MA. 02129
(617) 242-2800

**OWNER'S REPRESENTATIVE** (Architect, Engineer or other party):

---

'A DOCUMENT A312· PERFORMANCE BOND AND PAYMENT BOND · DECEMBER 1984 ED. · AIA ⊛· THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE, N.W., WASHINGTON, D.C., 20006-5292 - THIRD PRINTING · MARCH 1987. WARNING: Unlicensed photocopying violates U.S. copyright laws and is subject to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

Electronic Format A312-1984

User Document: A312.DOC — 1/4/2000. AIA License Number 105821, which expires on 9/6/2000 — Page #5

1   The Contractor and the Surety, jointly and severally bind themselves, their heirs, executors, administrators, successors and assigns to the Owner to pay for labor, materials and equipment furnished for use in the performance of the Construction Contract, which is incorporated herein by reference.

2   With respect to the Owner, this obligation shall be null and void if the Contractor:

2.1 Promptly makes payment, directly or indirectly, for all sums due Claimants, and

2.2 Defends, indemnifies and holds harmless the Owner from claims, demands, liens or suits by any person or entity whose claim, demand, lien or suit is for the payment for labor, materials or equipment furnished for use in the performance of the Construction Contract, provided the Owner has promptly notified the Contractor and the Surety (at the address described in Paragraph 12) of any claims, demands, liens or suits and tendered defense of such claims, demands, liens or suits to the Contractor and the Surety, and provided there is no Owner Default.

3   With respect to Claimants, this obligation shall be null and void if the Contractor promptly makes payment, directly indirectly, for all sums due.

4   The Surety shall have no obligation to Claimants under this Bond until:

4.1 Claimants who are employed by or have a direct contract with the Contractor have given notice to the Surety (at the address described in Paragraph 12) and sent a copy, or notice thereof, to the Owner, stating that a claim is being made under this Bond and, with substantial accuracy, the amount of the claim.

4.2 Claimants who do not have a direct contract with the Contractor:

.1  Have furnished written notice to the Contractor and sent a copy, or notice thereof, to the Owner, within 90 days after having last performed labor or last furnished materials or equipment included in the claim stating, with substantial accuracy, the amount of the claim and the name of the party to whom the materials were furnished or supplied or for whom the labor was done or performed; and

.2  Have either received a rejection in whole or in part from the Contractor, or not received within 30 days of furnishing the above notice any communication from the Contractor by which the Contractor has indicated the claim will be paid directly or indirectly; and

.3  Not having been paid within the above 30 days, have sent a written notice to the Surety (at the address described in Paragraph 12) and sent a copy, or notice thereof, to the Owner, stating that a claim is being made under this Bond and enclosing a copy of the previous written notice furnished to the Contractor.

5   If a notice required by Paragraph 4 is given by the Owner to the Contractor or to the Surety, that is sufficient compliance.

6   When the Claimant has satisfied the conditions of Paragraph 4, the Surety shall promptly and at the Surety's expense take the following actions:

6.1 Send an answer to the Claimant, with a copy to the Owner, within 45 days after receipt of the claim, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed.

6.2 Pay or arrange for payment of any undisputed amounts.

7   The Surety's total obligation shall not exceed the amount of this Bond, and the amount of this Bond shall be credited for any payments made in good faith by the Surety.

8   Amounts owed by the Owner to the Contractor under the Construction Contract shall be used for the performance of the Construction Contract and to satisfy claims, if any, under any Construction Performance Bond.  By the Contractor furnishing and the Owner accepting this Bond, they agree that all funds earned by the Contractor in the performance of the Construction Contract are dedicated to satisfy obligations of the Contractor and the Surety under this Bond, subject to the Owner's priority to use the funds for the completion of the work.

9   The Surety shall not be liable to the Owner, Claimants or others for obligations of the Contractor that are unrelated to the Construction Contract. The Owner shall not be liable for payment of any costs or expenses of any Claimant under this Bond, and shall have under this Bond no obligations to make payments to, give notices on behalf of, or otherwise have

'A DOCUMENT A312· PERFORMANCE BOND AND PAYMENT BOND · DECEMBER 1984 ED. · AIA ®· THE AMERICAN INSTITUTE OF :CHITECTS, 1735 NEW YORK AVENUE, N.W., WASHINGTON, D.C., 20006-5292 · THIRD PRINTING · MARCH 1987.  WARNING.  Unlicensed photocopying violates U.S. copyright laws and is subject to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

Electronic Format A312-1984

obligations to Claimants under this Bond.

10    The Surety hereby agrees that it consents to and waives notice of any change, addition, alteration, omission, including changes of time, or other modification to the Construction Contract or to related subcontracts, purchase ders and other obligations. Any additional, alteration, change, extension of time, or other modification of the Construction Contract or to related subcontracts, purchase orders and other obligations, or a forbearance on the part of the Owner, the Contractor, or any other party, shall not release the surety of its obligations hereunder, and notice to the surety of such matters is hereby waived.

11    No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the location in which the work or part of the work is located or after the expiration of one year from the date (1) on which the Claimant gave the notice required by Subparagraph 4.1 or Clause 4.2.3, or (2) on which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract, whichever of (1) or (2) first occurs. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable

12    Notice to the Surety, the Owner or the Contractor shall be mailed or delivered to the address shown on the signature page. Actual receipt of notice by Surety, the Owner or the Contractor, however accomplished, shall be sufficient compliance as of the date received at the address shown on the signature page.

13    When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein. The intent is that this Bond shall be construed as a statutory bond and not as a common law bond.

14    Upon request by any person or entity appearing to be a potential beneficiary of this Bond, the Contractor shall promptly furnish a copy of this Bond or shall permit a copy to be made.

15    DEFINITIONS

15.1    Claimant: An individual or entity having a direct contract with the Contractor or with a subcontractor of the Contractor to furnish labor, materials or equipment

for use in the performance of the Contract. The intent of this Bond shall be to include without limitation in the terms "labor, materials or equipment" that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental equipment used in the Construction Contract, architectural and engineering services required for performance of the work of the Contractor and the Contractor's subcontractors, and all other items for which a mechanic's lien may be asserted in the jurisdiction where the labor, materials or equipment were furnished.

15.2    Construction Contract: The agreement between the Owner and the Contractor identified on the signature page, including all Contract Documents and changes thereto.

15.3    Owner Default: Failure of the Owner, which has neither been remedied nor waived, to pay the Contractor as required by the Construction Contract or to perform and complete or comply with the other terms thereof.

AIA DOCUMENT A312- PERFORMANCE BOND AND PAYMENT BOND • DECEMBER 1984 ED. • AIA ®• THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE, N.W., WASHINGTON, D.C., 20006-5292 • THIRD PRINTING • MARCH 1987. WARNING: Unlicensed photocopying violates U.S. copyright laws and is subject to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

Electronic Format A312-1984

User Document: A312.DOC ~ 1/4/2000. AIA License Number 105821, which expires on 9/6/2000 — Page #7

Sent By: ;;.                                    ++++;                    May-21-0:  1:17;                    Page 13/14

## MODIFICATIONS TO THIS BOND ARE AS FOLLOWS:

"Space is provided below for additional signatures of added parties, other than those appearing on the cover page.)

**CONTRACTOR AS PRINCIPAL**                (Corporate Seal)        **SURETY**                                    (Corporate Seal)
Company:                                                                   Company:

Signature:_____                                              Signature:_____
Name and Title:                                                            Name and Title:

`IA DOCUMENT A312- PERFORMANCE BOND AND PAYMENT BOND • DECEMBER 1984 ED. • AIA ®- THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE, N.W., WASHINGTON, D.C., 20006-5292 • THIRD PRINTING • MARCH 1987. WARNING: Unlicensed photocopying violates U.S. copyright laws and is subject to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

Electronic Format A312-1984

User Document: A312.DOC -- 1/4/2000. AIA License Number 105821, which expires on 9/6/2000 -- Page #8

11/07/03   FRI 14:56 FAX 781 2   2226       MA LBRS BEN FDS         SEG KOIT & COLE         Ø004

# MASSACHUSETTS LABORERS' DISTRICT COUNCIL

## ACCEPTANCE OF AGREEMENT(S)
## AND DECLARATIONS OF TRUST
### Form #1

The Undersigned Employer hereby repeats its earlier voluntary recognition of the Massachusetts Laborers' District Council as the exclusive representative of its employees under Section 9(a) of the National Labor Relations Act and incorporates by reference herein such Voluntary Recognition Agreement and also hereby approves the following Section 9(a) Agreement(s):

(1)   by and between the Associated General Contractors Association of Massachusetts, Inc. and the Building Trades Employers' Association of Boston and Eastern Massachusetts, Inc.;

(2) by and between the Labor Relations Division of the Construction Industries of Massachusetts, Inc.;

(3)   by and between the General Contractors' Association of Pittsfield, Massachusetts, Inc.;

(4) by and between the Master Plasterers' Association of Boston and Vicinity;

(5)   by and between the Construction Industries Association of Western Massachusetts, Inc.;

(6) by and between the Foundation and Marine Contractors' Association of New England, Inc.;

and the Massachusetts Laborers' District Council on behalf of its affiliates of the Laborers' International Union of North America, AFL-CIO, all said Agreements being effective from June 1, 1997 through May 31, 2000 and any successor agreements between the parties and herewith accepts the same and becomes one of the parties thereto and agrees to abide by all its terms and conditions.  [Circle above numbered Agreement(s) pertaining to your Company and initial].

1. The life of this Agreement is to be co-extensive with the terms set out or as they shall be set out from time to time in the aforementioned Collective Bargaining Agreement(s) with the above-named Associations and shall continue in effect unless the Employer gives the Union notice of desired change or termination of a particular Collective Bargaining Agreement in keeping with the applicable notice provisions contained therein.

2. This Agreement binds the Employer to all obligations of an Employer as set forth in the above referred to Agreements and applies to all Laborers' work and geographical jurisdictions as set forth therein unless specifically limited, in writing, on this document.

## Form #1

3.    The said Agreements provide, among other conditions, contributions to the Massachusetts Statewide Laborers' Health and Welfare Fund, New England Laborers' Health & Safety Fund, Massachusetts Statewide Laborers' Pension Fund, New England Laborers' Training Fund, New England Laborers' Labor-Management Cooperation Trust Fund, Massachusetts Statewide Legal Services Fund and Massachusetts Laborers' Statewide Annuity Fund and Dues Deduction Fund and the Employer agrees to be bound by the foregoing Agreements and Declarations of Trust and hereby irrevocably designates as its representatives on the Boards of Trustees such Trustees as are named in said Agreements as Employer Trustees together with their successors selected in the manner provided within said Agreements and agree to be bound by all actions taken by said Employer Trustees pursuant to the said Agreements and Declarations of Trust and agrees that it may be sued by any of said Funds, or the Trustees thereof, or the Union, for non-payment of contributions or non-performance of its obligations thereunder.

4.    The said Agreements further require contributions to the Construction Industries of Massachusetts Advancement Fund, the Western Massachusetts Industry Advancement Fund and the Massachusetts Construction Advancement Program, as applicable, for their Association Industry Programs and payment to the Massachusetts Laborers' District Council of Union Dues deducted from net pay in accordance with the voluntary written authorization of employees. The Employer agrees that it may be used by said Associations or by the District Council, as appropriate, for non-compliance with or non-performance of said obligations.

5.    Inasmuch as the Union has submitted proof and the Employer is satisfied that the Union represents a majority of its employees in the bargaining unit described herein, the Employer recognizes the Union as the exclusive Collective Bargaining Agent for all employees within that bargaining unit, on all present and future jobsites within the jurisdiction of the Union, unless and until such time as the Union loses its status as the employees' exclusive representative as a result of an NLRB election requested by the employees. The Employer agrees that it will not request an NLRB election and expressly waives any right it may have to do so.

6.    This instrument shall be binding upon the Employer named herein, and its' successors and assigns, and no provisions contained or incorporated herein shall be nullified or affected in any manner as a result of any consolidations, sale, transfer, assignment, joint venture or any combination or other disposition of the undersigned Employer.

7.    Attached hereto shall be the Contractor Questionnaire fully executed by the undersigned Employer and approved by the Massachusetts Laborers' District Council or an official agent thereof.

SEGAL ROITMAN & COLE    ☑ 006
MA LBRS BEN FDS

11/07/03    FRI 14:57 FAX 781 27    226

Form #1

Date   July 29, 1997

**Union Witness to Employer's Signature:**

_____

District Council Official
7 Laborers' Way
Hopkinton, MA 01748

508-435-4164
617-969-4018
Fax: 508-435-7982

**Employer:**

ODF Contracting Co., Inc.
Company Name (please print)

Oliver D. Fernandez, Jr.
Name & Title of Authorized Representative
(Please print or type)

Signature of Authorized Representative

Place of Business Address:

Mailing Address, if different

Telephone No. (508) 741-2700

Fax No.

**Please forward one (1) executed copy to the Massachusetts Laborers' District Council**

BUILDING AND SITE CONSTRUCTION AGREEMENT

between

MASSACHUSETTS LABORERS' DISTRICT COUNCIL

of the

LABORERS' INTERNATIONAL UNION OF NORTH AMERICA
AFL-CIO

and

THE LABOR RELATIONS DIVISION OF THE
ASSOCIATED GENERAL CONTRACTORS OF MASSACHUSETTS, INC.

and

BUILDING TRADES EMPLOYERS' ASSOCIATION OF
BOSTON AND EASTERN MASSACHUSETTS, INC.



EFFECTIVE:
JUNE 1, 2000 - MAY 31, 2004

*Section 2.*    Employees shall furnish their Employer with current telephone number or other contact at the start of each job, and advise the Employer of any subsequent change or changes in such contact during the course of the job.

*Section 3.*    Any employee who reports for work, and for whom work is provided, regardless of the time he works, shall receive the equivalent of not less than four (4) hours pay at the regular straight time hourly rate provided he is available for work throughout such period.

*Section 4.*    Any employee who reports for work and who works four (4) or more hours in any one (1) day shall receive the equivalent of not less than eight (8) hours pay at the regular straight time hourly rate provided that he is available for work until the end of that regular work day.

*Section 5.*    It is expressly provided, however, that if the employee leaves the job site without permission of the Employer, or when a person refuses to work or continue to work, or when work stoppages brought about by a third party or parties prevent or make ill-advised, in the opinion of the Employer, the performance or continuance of work, or when weather makes work impractical, payment for time not actually worked shall not be required.

*Section 6.*    Where notification of the men is required under this Agreement to the effect that work shall not be performed on a particular day, notification of such fact to the steward shall be sufficient notification to the men, provided the steward is permitted enough time during working hours to notify the men.

# ARTICLE VIII
## CHECK OFF AND PAYROLL DEDUCTION

*Section 1.*    The Employer agrees to deduct the sum of seventy cents ($.70) per hour for each hour worked from the weekly wages, after taxes, of each employee, provided, such employee has executed voluntary written authorization for such deductions to be allocated as follows:

a) Sixty-eight cents ($.68) shall be used as hourly membership dues to support the Local Unions and the Massachusetts Laborers' District Council.

15

b) Two cents ($.02) of the amount provided in Section 1 shall be used as a voluntary contribution payable to the Laborers' Political League (LPL) to enable the Massachusetts Laborers' District Council and its affiliated Local Unions to participate more fully in matters affecting the welfare of its members.

**Section 2.**    A sample authorization for such deductions is as follows:

### Deduction Authorization

To all Employers by whom I am employed during the terms of the present or future collective bargaining agreements either by and between signatory contractor associations and the Massachusetts Laborers' District Council of the Laborers' International Union of North America, AFL-CIO and its affiliates, or by an Employer, not a member of said associations, which has an individual collective bargaining agreement with the Council and its affiliates.

### Dues Deduction

I hereby authorize my Employer to deduct from my wages each week, sixty-eight cents ($.68) per hour for each hour worked to constitute what are known as the hourly deductions as part of my membership dues for said week owing by me to the Union.

### Laborers' Political League Fund

I further authorize the Employer to deduct the sum of two cents ($.02) per hour for each hour worked as a voluntary contribution to the Laborers' Political League (LPL), which I understand constitutes a separate aggregate fund used for the purposes allowed under the Federal Election Campaign Act, 2 U.S.C., Sec. 441b.

This authorization and assignment shall become effective on or after June 1, 2000 and shall continue in full force and effect for a period not to exceed one (1) year or the life of the existing agreement between the said Union or the Council acting on its behalf and yourself, whichever occurs sooner, and for any subsequent similar period thereafter unless revoked by me within fifteen (15) days immediately preceding such contract term or one (1) year, whichever occurs sooner. Notwithstanding the foregoing, the two cents ($.02) per hour deduction authorization for contribution to the LPL is subject to revocation at any time.

The above revocation must be in writing, bear the date and my signature,

16

to work each day of the seven (7) (or more) day schedule.

(b)    If Salamander heating units referred to above are to operate for more than two (2) full days but less than seven (7) full days, then four (4) six-hour (6 hour) shifts shall be established and employees so assigned shall be paid eight (8) hours pay for the six (6) hours worked on the shift.

## ARTICLE XI
## MASSACHUSETTS LABORERS' HEALTH and WELFARE FUND

*Section 1.*  Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Health & Welfare Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2.*    *Contributions to Fund*    Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee, covered by the terms of this Agreement, to the Massachusetts Laborers' Health and Welfare Fund.  Said sum will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll of the preceding calendar month.  The said Fund will be administered by a Board of Trustees selected and appointed under the provisions of the Trust Agreement executed by the Union and the Employers.    Said Trust Agreement shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States, the Commonwealth of Massachusetts and the State of New Hampshire.    The said Fund will be used to purchase accident and sickness disability insurance and hospitalization, medical and surgical benefits and/or other welfare benefits of a similar nature for the said employees as provided in the said Trust Agreement.

The Union reserves the right to remove the employees whose wages, hours and working conditions as set forth in this Agreement from any job for which the Employer has failed to remit to the aforementioned Health and Welfare Fund monies due to the Fund within the time for payment thereof, as determined by the Board of Trustees acting under the authority of the Agreement and Declaration of Trust under which the Fund operates.

21

The failure to contribute by the Employer to the said Health and Welfare Fund, as provided herein, for the purpose of the remedy the Union may pursue, is covered in Article XX herein. The Massachusetts Laborers' Health and Welfare Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

*Section 3.  New Federal Health Insurance Law*   In the event that a new federal health insurance law becomes effective during the term of this Agreement, the parties agree to meet and reopen the contract to make any changes necessitated by the law and to negotiate other provisions as may be appropriate. In the event the parties are unable to agree upon the changes required by law or other appropriate changes, the matter may proceed to final and binding arbitration pursuant to Article XXVI at the request of either party; provided that the Arbitrator shall not be permitted to increase the cost to the Employer.

## ARTICLE XII
## NEW ENGLAND LABORERS' HEALTH and SAFETY FUND

*Section 1.*  Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Health & Safety Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2.*  Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee covered by the terms of this Agreement to the New England Laborers' Health and Safety Fund.

*Section 3.*  Said sum shall be paid into the Fund no later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a Board of Trustees selected under and subject to the provisions of a Trust Agreement and Plan entered into by the Union and the Employers.

*Section 4.*  The Plan and Trust shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States and states where this Agreement applies. The Trust and Plan

22

at all times shall be a "qualified" Trust and Plan as defined by Sec. 401 of the Internal Revenue Code. The Plan and Trust shall be created and administered, subject to modification, change of methods or administration and practices as may be required to the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary expense of doing business in the computation of Federal Income Tax of the Employers

**Section 5.** The failure to contribute by the Employer to the said Health and Safety Fund, as provided herein, for the purpose of remedy the Union may pursue, as covered in Article XX herein. The New England Laborers' Health and Safety Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

## ARTICLE XIII
## MASSACHUSETTS LABORERS' PENSION FUND

Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Pension Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee, covered by the terms of this Agreement to the Massachusetts Laborers' Pension Fund. Said sum will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a Board of Trustees selected under, and subject to the provisions of a Trust Agreement and Plan entered into by the Union and the Employers. The Plan and the Trust shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States, the Commonwealth of Massachusetts and the State of New Hampshire.

The Trust and Plan at all times shall be a "qualified" Trust and Plan, as defined by Section 401 of the Internal Revenue Code. The Plan and the Trust shall be created and administered, subject to modification, change of methods of administration and practices as may be required, to the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary

expense of doing business in the computation of Federal Income Tax of the Employers.

The failure to contribute by the Employer to the said Pension Fund, as provided herein, for the purpose of the remedy the Union may pursue is covered in Article XX herein. The Massachusetts Laborers' Pension Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

## ARTICLE XIV
## NEW ENGLAND LABORERS' TRAINING TRUST FUND

Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Training Trust Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee covered by the terms of this Agreement, to a Training Fund known as New England Laborers' Training Trust Fund. Said sum will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a Board of Trustees selected under, and subject to the provisions of a Trust Agreement and Plan entered into by the Union and the Employers. The Plan and Trust shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States and the Commonwealth of Massachusetts and the State of New Hampshire. The Trust and Plan at all times shall be a "qualified" Trust and Plan as defined by Section 401 of the Internal Revenue Code. The Plan and Trust shall be created and administered, subject to modification, change of methods or administration and practices as may be required to the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary expense of doing business in the computation of Federal Income Tax of the Employers.

The failure to contribute by the Employer to the said Training Fund as provided herein, for the purpose of the remedy the Union may pursue, is covered in Article XX, herein. The New England Laborers' Training Trust Fund shall

meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

## ARTICLE XV
## MASSACHUSETTS LABORERS' LEGAL SERVICES FUND

*Section 1.*  Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Legal Services Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2.*  Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee, covered by this Agreement to the Massachusetts Laborers' Legal Services Fund.  Said contributions will be paid into such Fund not later than the twentieth (20th) day of each and every month for the hours worked by said employees up to the end of the last completed payroll period of the preceding calendar month.  The failure to contribute to this Fund by the Employer as provided herein shall be subject to the provisions of Article XX hereof.  The Massachusetts Laborers' Legal Services Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

## ARTICLE XVI
## MASSACHUSETTS LABORERS' ANNUITY FUND

*Section 1.*  Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Annuity Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Trust Agreement.

*Section 2.*  Each Employer agrees to pay for each hour worked by each employee, covered by this Agreement, to the Massachusetts Laborers' Annuity Fund, the negotiated contribution in each respective zone and any future allocated increase during the term of this agreement (reflected in Appendix A of this Agreement).  Said sums will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll of the preceding calendar month. Payment shall be made in one check and on the same form furnished by the Massachusetts Laborers' Benefit Funds.  The said Fund will be administered by a Board of

Trustees selected and appointed under the provisions of the Trust Agreement executed by the Union and the Employers. Said Trust Agreement shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States, the Commonwealth of Massachusetts and the State of New Hampshire.

Section 3.     Members of the Association and Employers subscribing to the Trust Agreement, when working outside the jurisdictional area of this Agreement in areas where they have no contractual obligation to contribute to an annuity fund, shall contribute the same amount in the same manner as set forth above to the "Massachusetts Laborers' Annuity Fund" for each Laborer when said Laborer is sent and put to work by the Employer from the territorial jurisdiction set forth in Article I.

Section 4.     Failure to contribute to the Fund shall be a violation of this Agreement. The Union and the Employer mutually recognize the requirement that contributions to this Fund be made on a current basis by all Employers who have made one or more contributions to the Fund or have entered into an agreement with the Union requiring such contributions.

Section 5.     If an audit by the Trustees or their representatives determines that an Employer has not correctly reported the hours worked by his Laborers, the Employer, in addition to other remedies provided in the Trust Agreement, shall be liable to the Fund for the cost of auditing his payroll records and for interest at the rate of ten percent (10%) per annum from the date when payment was due to the date when payment was made.

Section 6.     The Fund shall be used to provide benefits as determined by the Trustees in accordance with the terms of the Trust. The failure to contribute by the Employer to the said Annuity Fund, as provided herein, for the purpose of the remedy the Union may pursue, is covered in Article XX herein.     The Massachusetts Laborers' Annuity Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

## ARTICLE XVII
## NEW ENGLAND LABORERS' LABOR-MANAGEMENT COOPERATION TRUST

*Section 1.* Each Employer subscribes to and agrees to be bound by the New England Laborers' Labor-Management Cooperation Trust Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2.* Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by an employee covered by this Agreement to the New England Laborers' Labor-Management Cooperation Trust Fund.

*Section 3.* Said sum will be paid into said Fund not later than the twentieth (20th) day of each month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a Board of Trustees selected under, and subject to the provisions of a Trust Agreement and Plan entered into by the Union and the Employer and others.

*Section 4.* The Plan and Trust conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States and the Commonwealth of Massachusetts. The Trust and the Plan at all times shall be a "qualified" Trust and Plan, as defined by Section 401 of the Internal Revenue Code. The Plan and Trust shall be created and administered, subject to modification, change of methods of administration and practices as may be required to, the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary and necessary expense of doing business in the computation of Federal Income Tax of the Employers.

*Section 5.* The failure to contribute by the Employer to the said New England Laborers' Labor-Management Cooperation Trust Fund, as provided herein, for the purpose of the remedy the union may pursue, is covered in Article XX herein.

27

## ARTICLE XVIII
## MASSACHUSETTS CONSTRUCTION ADVANCEMENT PROGRAM

*Section 1.* Each Employer subscribes to and agrees to be bound by the Massachusetts Construction Advancement Program Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2.* This Trust, known as the Massachusetts Construction Advancement Program, shall be referred to in this Article as "the Fund". The Fund shall be administered solely and exclusively by Trustees appointed pursuant to the provisions of the Trust instrument.

*Section 3.* Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each of its employees, covered by this Agreement, to the Massachusetts Construction Advancement Program.

*Section 4.* The Fund will be used by its Trustees for the following express purposes: A. Manpower Recruitment and Training; B. Education; C. Safety and Accident Prevention; D. Public Relations; E. Equal Employment; F. Intra-Industry Relations; G. Market Development; H. Market Research; and I. Information Services within the construction industry for the mutual benefit of Employers and their employees.

*Section 5.* The Fund shall not be used for any of the following expressly prohibited purposes: A. Lobbying in support of anti-Union legislation; B. Supporting litigation before a court or any administrative body against the Union or any of its agents; and C. Subsidizing contractors during a period or periods of work stoppages or strikes.

*Section 6.* As a part of the administration of the Fund, there shall be an annual audit of the Fund by an independent certified public accountant. A copy of the audit shall be made available to all parties signatory hereto.

*Section 7.* In the event that the Union has reasonable cause to believe that the Fund is being used for any of the purposes prohibited by Section 5, the dispute shall be subject to the arbitration provisions of this Agreement.

# ARTICLE XIX
## MASSACHUSETTS LABORERS' UNIFIED TRUST

*Section 1.* Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Unified Trust Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2:* Each Employer agrees to pay the sum reflected in Appendix A in this Agreement, per hour worked by each employee covered by the terms of this Agreement to a fund known as the "Massachusetts Laborers' Unified Trust".

*Section 3:* Said sums will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a board of Trustees selected under, and subject to the provisions of a Trust Agreement and plan entered into by the Union and the Employers. The plan and trust shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States and the Commonwealth of Massachusetts. The trust and plan at all times shall be an exempt trust and plan, as defined by Section 401 of the Internal Revenue Code. The plan and trust shall be created and administered, subject to modification, change of methods of administration and practices as may be required, to the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary expense of doing business in the computation of federal income tax of the Employers.

*Section 4:* There shall be a total of four (4) Trustees to constitute the Board of Trustees to administer the Fund. Said Trustees to be appointed as follows: two (2) Trustees shall be appointed by the Massachusetts Laborers' District Council and two (2) Trustees shall be appointed by the Association. The representatives on the Board of Trustees shall at all times be equally divided among Union and Management. Each of the appointing parties shall have the power to remove, replace and appoint successors as Trustees appointed by them.

*Section 5:* The failure to contribute by the Employer to the said Unified Trust, as provided herein, for the purpose of the remedy the Union may pursue, is covered in Article XX herein. The Massachusetts Laborers' Unified Trust shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

29

# ARTICLE XX
## DELINQUENT PAYMENTS

*Section 1.* Employers who are delinquent in their payments to the Massachusetts Health & Welfare, Pension, Legal Services, Annuity, Unified Trust, New England Laborers' Labor-Management Cooperation Trust, Training Trust and Health & Safety Funds shall not have the privilege of employing Laborers under the terms of this Agreement if such payments have not been made after written notice, sent by registered mail, return receipt requested, of such delinquency is given by the Union and seventy-two (72) hours have elapsed since such notice. All employees affected by such delinquency to any of the above-mentioned Funds, and who have lost work as a result thereof, shall be paid their normal wages by the delinquent Employer, until said delinquency is cured and the employees resume their work.

Once an Employer has been adjudged a delinquent by any of the above-mentioned Fund Trustees, he shall, in addition to remitting to the Funds for his past delinquencies, be required to make his current payments on a weekly basis and further furnish a ten thousand dollar ($10,000) surety bond to the Trustees of each respect Fund as listed above. All attorney's fees, sheriff's costs, accounting and court costs involved to collect delinquent payments from the delinquent Employer, or to obtain an audit from an Employer who has refused to permit one, must be borne fully by the Employer involved.

*Section 2.* In accordance with Section 5.02(g)(2) of ERISA, as amended, the Trustees do establish the rate of interest to be paid by Employers on delinquent contributions to be the rate prescribed under Section 6621 of the Internal Revenue Code of 1954 (currently ten percent [10%] per annum); and further, liquidated damages shall be assessed in an amount of twenty percent (20%) of the amount of the delinquency, or such higher percentage as may be permitted under Federal or State Law, plus reasonable attorney's fees and costs of the action.

# ARTICLE XXI
## SEVERAL LIABILITY

*Section 1.* The obligation of each Employer member of the Associations shall be several and not joint. This Agreement shall be binding upon each Employer signatory hereto and its successors and assigns, and no provisions contained or incorporated herein shall be nullified or affected in any manner as a

result of any consolidations, sale, transfer, assignment, or any combination or other disposition of the Employer.

*Section 2.* The Massachusetts Laborers' District Council, a party to this Agreement, shall not be held responsible for any unauthorized act committed by any affiliated Local Union or members thereof, unless the said Massachusetts Laborers' District Council has ordered or ratified the same or condoned such act after notice thereof from either of the Associations. The Massachusetts Laborers' District Council agrees that upon the receipt of notice from either Association, parties to this Agreement, of any unauthorized act by a Local Union, it will exercise all of its authority to correct the same and furnish evidence thereof to the Association.

*Section 3.* The obligation of each Local Union, affiliated with the Massachusetts Laborers' District Council, shall be several and not joint.

*Section 4.* The Labor Relations Division of the Associated General Contractors of Massachusetts, Inc. and the Building Trades Employers' Association of Boston and Eastern Massachusetts, Inc. shall not be responsible for any unauthorized act committed by one of its members unless either of the Associations has ordered, ratified or condoned such act after notification thereof from the Council. The Associations agree that upon the receipt of such notice from the Council of any unauthorized act of a member contractor, it will exercise all of its authority to correct the same and furnish evidence thereof to the Council.

## ARTICLE XXII
## CONSTRUCTION MANAGER

Whenever any signatory contractor performs work as a construction manager, owner/builder, or solicits bids from subcontractors, considers proposals submitted by subcontractors, or coordinates work performed by subcontractors, it shall be deemed to be a general contractor subject to the terms and conditions of this Agreement, provided, however, that this provision shall not apply to any affiliated development company of a signatory contractor.

# ARTICLE XXXI
## TERMINATION OF AGREEMENT

This Agreement will expire on May 31, 2004, except that if neither party to this Agreement gives notice in writing to the other party on or before March 31, 2004 that it desires a change after May 31, 2004, then this Agreement will continue in effect until May 31, 2005 and so on each year thereafter unless on or before March 31st of each year thereafter, a notice is given by either party.

*LABOR RELATIONS DIVISON OF THE ASSOCIATED GENERAL CONTRACTORS OF MASSACHUSETTS*

_____        Date: __10/26/00_____
**Chairman, Board of Trustees**

*MASSACHUSETTS LABORERS' DISTRICT COUNCIL of the Laborers' International Union of North America on behalf of its affiliates*

_____        _____
**Business Manager, Paul J. McNally**        **President, James V. Merloni**

Date: __10/26/00_____        Date: __10/26/00_____

*The Building Trades Employers' Assoc. of Boston & E. Mass., Inc.*

_____        Date: __11/26/00_____
**Thomas Gunning, Executive Director**

Witnessed:

_____
**Armand E. Sabitoni, Vice-President & Regional Manager & Assistant to the General President**

Date: __10/26/2000_____

47

# APPENDIX A
## WAGE RATES AND CLASSIFICATIONS

*Section 1.* Zone 1 and Zone 2 - Wage Rates and Benefit Allocations

*ZONE 1*    Suffolk County, the City of Cambridge, and those projects that are outside the geographic limit of Suffolk county but for which the work is primarily part of projects located in Suffolk County that are covered by project agreements.

*SUFFOLK COUNTY (Boston, Chelsea, Revere, Winthrop, Deer & Nut Islands)*

*MIDDLESEX COUNTY (Arlington, Belmont, Burlington, Cambridge, Everett, Malden, Medford, Melrose, Reading, Somerville, Stoneham, Wakefield, Winchester, Winthrop and Woburn only)*

*NORFOLK COUNTY (Brookline, Dedham and Milton only)*

*ZONE 2*    The remaining geographical area covered by the Eastern Massachusetts Laborers Agreement

*BARNSTABLE, BRISTOL, DUKES, ESSEX, NANTUCKET, PLYMOUTH and WORCESTER COUNTIES*

*MIDDLESEX COUNTY (With the exception of Arlington, Belmont, Burlington, Cambridge, Everett, Malden, Melrose, Reading, Somerville, Stoneham, Wakefield, Winchester, Winthrop and Woburn)*

*NORFOLK COUNTY (With the exception of Brookline, Dedham and Milton only)*

*FRANKLIN COUNTY (Warwick, and Orange only)*

The town of Salem in Rockingham County, New Hampshire.

ZONE 1    *SUFFOLK COUNTY* (Boston, Chelsea, Revere, Winthrop, Deer & Nut Islands

*MIDDLESEX COUNTY* (Arlington, Belmont, Burlington, Cambridge, Everett, Malden, Medford, Melrose, Reading, Somerville, Stoneham, Wakefield, Winchester, Winthrop and Woburn only)

*NORFOLK COUNTY* (Brookline, Dedham and Milton only)

|  | 6/1/00 | 12/1/00 | 6/1/01 | 12/1/01 | 6/1/02 | 12/1/02 | 6/1/03 | 12/1/03 |
|---|---|---|---|---|---|---|---|---|
| *INCREASE | 0.50 | 0.55 | 0.55 | 0.55 | 0.60 | 0.65 | 0.85 | 0.85 |
| Wages | 21.50 | 22.05 | 22.60 | 23.15 | 23.75 | 24.40 | 25.25 | 26.10 |
| H & W | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 |
| Pension | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 |
| Annuity | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 |
| Nell-MCT | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 |
| Unified Trust | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 |
| Training | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 |
| Legal | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 |
| H & Safety | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 |
| MCAP/CIM | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 |
| Total | 30.75 | 31.30 | 31.85 | 32.40 | 33.00 | 33.65 | 34.50 | 35.35 |
| *Dues & LPL | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) |

*Dues and LPL are deducted from wages*

ZONE 2    *BARNSTABLE, BRISTOL, DUKES, ESSEX, NANTUCKET, PLYMOUTH and WORCESTER COUNTIES*

*MIDDLESEX COUNTY* (With the exception of Arlington, Belmont, Burlington, Cambridge, Everett, Malden, Melrose, Reading, Somerville, Stoneham, Wakefield, Winchester, Winthrop and Woburn)

*NORFOLK COUNTY* (With the exception of Brookline, Dedham and Milton only)

*FRANKLIN COUNTY* (Warwick, and Orange only)

The Town of Salem in Rockingham County, New Hampshire

| | 6/1/00 | 12/1/00 | 6/1/01 | 12/1/01 | 6/1/02 | 12/1/02 | 6/1/03 | 12/1/03 |
|---|---|---|---|---|---|---|---|---|
| *INCREASE | 0.45 | 0.45 | 0.45 | 0.45 | 0.55 | 0.55 | 0.65 | 0.65 |
| Wages | 19.90 | 20.35 | 20.80 | 21.25 | 21.80 | 22.35 | 23.00 | 23.65 |
| H & W | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 |
| Pension | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 |
| Annuity | 2.25 | 2.25 | 2.25 | 2.25 | 2.25 | 2.25 | 2.25 | 2.25 |
| Nell-MCT | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 |
| Unified Trust | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.30 | 0.30 |
| Training | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.10 | 0.10 |
| Legal | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.15 |
| H & Safety | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.05 |
| MCAP/CIM | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | |
| Total | 28.25 | 28.70 | 29.15 | 29.60 | 30.15 | 30.70 | 31.35 | 32.00 |
| *Dues & LPL | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70 |

*Dues and LPL are deducted from wages*

*THE COUNCIL RESERVES THE RIGHT TO ALLOCATE THESE INCREASES IN ITS DISCRETION AMONG WAGES, FRINGE BENEFITS AND DUES DEDUCTION.

*Section 2.*   Watchmen Wage Rates and Benefit Allocation

| | 6/1/00 | 12/1/00 | 6/1/01 | 12/1/01 | 6/1/02 | 12/1/02 | 6/1/03 | 12/1/03 |
|---|---|---|---|---|---|---|---|---|
| INCREASE | 0.50 | 0.55 | 0.55 | 0.55 | 0.60 | 0.65 | 0.85 | 0.85 |
| Wages | 15.55 | | | | | | | |
| H & W | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 |
| Pension | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 | 2.35 |
| Annuity | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 | 3.15 |
| Nell-MCT | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 |
| Unified Trust | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 |
| Training | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 |
| Legal | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 | 0.10 |
| H & S | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 | 0.15 |
| MCAP | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 | 0.05 |
| *Dues & LPL | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) | (-.70) |

*Dues and LPL are deducted from wages*

MA LBRS BEN FDS → SEG KROLL & COLE    ☑002

# MASS LABORERS CONTRIBUTION RATES

ZONE 1    ZONE 2

| YEAR | | WAGES | H&W | PENSION | ANNUITY | NMCT/UT | UT | TRAINING | LEGAL | H&S | MCAP/CIM | DUES | FRINGES | TOT PKG |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1995 | JUN 01 | $18.95 | $3.00 | $2.15 | $1.50 | $0.15 | | $0.25 | $0.10 | $0.05 | $0.05 | $0.55 | $7.80 | $26.75 |
| | Dec-01 | $19.10 | $3.00 | $2.35 | $1.50 | $0.15 | | $0.25 | $0.10 | $0.05 | $0.05 | $0.55 | $8.00 | $27.10 |
| 1996 | JUN 01 | $19.45 | $3.00 | $2.35 | $1.50 | $0.15 | | $0.25 | $0.10 | $0.05 | $0.05 | $0.60 | $8.05 | $27.50 |
| | Dec-01 | $19.80 | $3.00 | $2.35 | $1.50 | $0.15 | | $0.25 | $0.10 | $0.05 | $0.05 | $0.60 | $8.05 | $27.85 |
| 1997 | JUN 01 | $19.80 | $2.50 | $2.35 | $2.00 | $0.65 | | $0.25 | $0.10 | $0.05 | $0.05 | $0.60 | $8.55 | $28.35 |
| | Sep-01 | $19.90 | $2.50 | $2.35 | $2.00 | $0.65 | | $0.25 | $0.10 | $0.05 | $0.05 | $0.70 | $8.70 | $28.60 |
| | Dec-01 | $20.25 | $2.50 | $2.35 | $2.00 | $0.65 | | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $8.70 | $28.95 |
| 1998 | Z1/JUN1 | $20.75 | $2.50 | $2.35 | $2.00 | $0.15 | $0.50 | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $8.70 | $29.45 |
| | Z1/DEC1 | $20.25 | $2.50 | $2.35 | $2.75 | $0.15 | $0.50 | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $9.45 | $29.70 |
| | Z2/DEC1 | $19.05 | $2.50 | $2.35 | $2.75 | $0.15 | $0.50 | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $8.70 | $27.75 |
| 1999 | Z1/JUN1 | $20.75 | $2.50 | $2.35 | $2.75 | $0.15 | $0.50 | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $9.45 | $30.20 |
| | Z1/DEC1 | $21.50 | $2.50 | $2.35 | $2.75 | $0.15 | $0.50 | $0.25 | $0.10 | $0.10 | $0.05 | $0.70 | $9.45 | $30.95 |
| | Z2/JUN1 | $18.05 | $2.50 | $2.35 | $2.25 | $0.15 | $0.50 | $0.25 | $0.10 | $0.05 | $0.05 | $0.70 | $8.95 | $28.00 |
| | Z2/DEC1 | $19.55 | $2.50 | $2.35 | $2.25 | $0.15 | $0.50 | $0.25 | $0.10 | $0.05 | $0.05 | $0.70 | $8.85 | $28.50 |
| 2000 | Z1/JUN1 | $21.50 | $2.50 | $2.35 | $3.15 | $0.15 | $0.50 | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $9.95 | $31.45 |
| | Z1/DEC1 | $21.50 | $2.50 | $2.35 | $3.70 | $0.15 | $0.50 | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $10.50 | $32.00 |
| | Z2/JUN1 | $19.90 | $2.50 | $2.35 | $2.25 | $0.15 | $0.50 | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $9.05 | $28.95 |
| | Z2/DEC1 | $20.10 | $2.50 | $2.35 | $2.50 | $0.15 | $0.50 | $0.30 | $0.10 | $0.15 | $0.06 | $0.70 | $9.30 | $29.40 |
| 2001 | Z1/JUN1 | $21.75 | $2.80 | $2.35 | $3.70 | $0.15 | $0.50 | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $10.80 | $32.55 |
| | Z1/DEC1 | $22.30 | $2.80 | $2.35 | $3.70 | $0.15 | $0.50 | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $10.80 | $33.10 |
| | Z2/JUN1 | $20.25 | $2.80 | $2.35 | $2.50 | $0.15 | $0.50 | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $9.60 | $29.85 |
| | Z2/DEC1 | $20.70 | $2.80 | $2.35 | $2.50 | $0.15 | $0.50 | $0.30 | $0.10 | $0.15 | $0.05 | $0.70 | $9.60 | $30.30 |
| 2002 | Z1/JUN1 | $22.50 | $3.15 | $2.35 | $3.70 | $0.15 | $0.50 | $0.35 | $0.10 | $0.15 | $0.05 | $0.70 | $11.20 | $33.70 |
| | Z1/DEC1 | | | | | | | | | | | | $0.00 | $0.00 |
| | Z2/JUN1 | $20.85 | $3.15 | $2.35 | $2.50 | $0.15 | $0.50 | $0.35 | $0.10 | $0.15 | $0.05 | $0.70 | $10.00 | $30.85 |
| | Z2/DEC1 | | | | | | | | | | | | $0.00 | $0.00 |

# SEGAL, ROITMAN & COLEMAN

COUNSELLORS AT LAW
11 BEACON STREET
SUITE 500
BOSTON, MASSACHUSETTS 02108

ROBERT M. SEGAL (1915-1999)

DONALD J. SIEGEL
PAUL F. KELLY
IRA SILLS
MARY THOMAS SULLIVAN*
SHELLEY B. KROLL
BURTON E. ROSENTHAL
ANNE R. SILLS
KATHRYN S. SHEA
INDIRA TALWANI**
ELIZABETH ARIENTI SLOANE
MICHAEL J. DOHENY
JACQUELINE M. NUNEZ

OF COUNSEL
RICHARD W. COLEMAN
HAROLD B. ROITMAN
JOANNE F. GOLDSTEIN
JOSEPH P. McKENNA, JR.
PAUL S. HOROVITZ

* Also Admitted to the
New Hampshire Bar

**Also Admitted to
the California Bar

August 6, 2003

BY CERTIFIED MAIL, RETURN RECEIPT
REQUESTED AND FIRST CLASS MAIL
Massachusetts Housing Finance Agency
One Beacon Street
Boston, MA  02108

Re:  Bond No.:     103316488
     Contractor:   ODF/Hoon/Peabody, Joint Venture
     Owner:        Massachusetts Housing Finance Agency
     Job:          MHFA Project Academy Homes II
     Claimants:    Massachusetts Laborers' Benefit Funds

To whom it may concern:

This letter serves as notice of an as yet unliquidated claim by the Massachusetts
Laborers' Benefit Funds for fringe benefit contributions owed by ODF Contracting Co., Inc. for
work performed on the above mentioned job between March, 2003 and the present.  This letter
also serves as a request pursuant to the Freedom of Information Act for copies of certified
payroll records submitted by ODF for the period March 1, 2003 to the present.

Thanking you in advance for your prompt attention to this matter, I am

Very truly yours,

*Anne R. Sills*

Anne R. Sills

cc:  Tom Masiello
     Phil Mackay
     Paul Irwin, Esq.
     Laurie Larson

ARS/ars&ts
6306 03-189/masshousing.doc

TEL: (617) 742-0208 • FAX: (617) 742-2187



**7002 2030 0003 8362 1085**

U.S. Postal Service
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Postage | $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees | $

Sent To _MASS, HOUSING FINANCE Agency_
Street, Apt. No.; _GOC C3-1821/MSShusetts UC_
or PO Box No. _I... Y.E..K.S... ONE Co..matte..._
City, State, ZIP+4

PS Form 3800, June 2002          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Massachusetts Housing Finance Agency
One Beacon Street
Boston, MA   02108

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☒ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7002 2030 0003 8362 1085

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-1540

## AGREEMENT

Peabody Construction Co. as the General Contractor on Brunswick Gardens ("Peabody"), ODF/Hoon/Peabody Joint Venture for Academy Homes ("Joint Venture"), ODF Contracting Corp. ("ODF"), the Massachusetts Laborers District Council ("Union"), Laborers Local 223 ("Union") and Massachusetts Laborers Benefit Funds ("Funds") agree as follows:

Whereas, ODF is signatory to a collective bargaining agreement with the Union pursuant to which it must contribute to the Funds for all laborers' work performed under the terms of its agreement; and

Whereas, ODF has performed and is continuing to perform work as part of a Joint Venture with Peabody and Hoon on the Academy Homes job and as a subcontractor to Peabody on the Brunswick Middle School job; and

Whereas, ODF owes the Funds an as yet unliquidated amount of fringe benefit contributions for work it has performed on the Academy Home and Brunswick Middle School jobs; and

Whereas, the Funds have demanded payment from ODF and Peabody and filed claims against Peabody's bonds; and

Whereas, the District Council notified ODF that it would lose the privilege of employing laborers if it failed to make payment and ODF failed to make payment; and

Whereas, Local 223 withdrew its laborers from the Academy Homes and Brunswick Middle School jobs; and

Whereas, upon request, Peabody provided the Massachusetts Laborers Benefit Funds with copies of all certified payroll records submitted by ODF on the Academy Homes job through July, 2003 and some, but not all, certified payroll records for the Brunswick Middle School job through August, 2003; and

Whereas, the Funds' auditor reviewed the certified payroll records and determined that ODF owed the Funds $77,275.10 for work performed on the Academy Homes job for the period March through July, 2003 and $53,675.60 on the Brunswick job, through August, 2003, based on the records presented, which did not include reports for the weeks of 7/5, 7/12, 7/19, 8/2 or 8/29/03; and

Whereas, the Joint Venture paid the Funds $40,000 toward ODF's liability on the Academy Homes job, thereby reducing the liability on that job, through July, 2003, to $37,275.10, and agreed to pay all contributions still due and owing on the Academy Homes job and to ensure payment of all contributions that come due; and

Whereas, Peabody agreed to pay all contributions due and owing on the Brunswick School job and to ensure payment of all contributions that come due; and

Whereas, in consideration for those promises, Local 223 again referred laborers to work on the Academy Homes and Brunswick Middle School jobs; and

Whereas, the parties wish to fully and finally resolve this dispute;

Now, therefore, it is agreed as follows:

1.    Peabody will promptly provide, or ensure that ODF provides, the Funds with the missing payroll records for the Brunswick School job by no later than the close of business Friday, September 12, 2003.

2.    Peabody will provide, or ensure that ODF provides, the Funds with payroll records for the Academy Homes job for August, 2003 by no later than the close of business Friday, September 12, 2003.

3.    Upon receipt of these records, the Funds' auditor will review the documents to determine ODF's additional liability for the Academy Homes and Brunswick Middle School jobs.

4.    Peabody will pay the remaining $37,275.10 owed for work performed by ODF on the Academy Homes job through August 31, 2003, within an agreed time frame, but no later than 30 days from its signing of this agreement.

5.    Peabody will work with the Funds and Union to ensure that timely payment is made for all work performed by ODF's laborers on the Academy Homes job for the period September 1, 2003 until ODF ceases work on the job.

6.    Peabody hereby agrees to pay ODF's entire debt on the Brunswick Middle School job within an agreed time frame, but no later than 30 days from its signing of this agreement.

7.    In consideration for Peabody's compliance with paragraphs 1, 2 and 4 - 6 supra and its signing of this agreement, Local 223 will return laborers to work for ODF on the Academy Homes and Brunswick Middle School jobs and will not remove them during the good faith negotiation of the unpaid benefits.

Peabody Construction Co.                          Massachusetts Laborers' Benefit Funds


By:_____                       By:_____
Date:                                            Date:

ODF Contracting Co.                          Laborers Local 223

By:_____              By:_____
Date:                                      Date:

Massachusetts Laborers' District Council

By:_____
Date:

SEP-16-2003 TUE 03:05 PM BU'' NG AND CONST TRADE    FAX NO. 617  365    P. 02

SEP-18-03 12:43  FROM:SEGAL/ROITMAN+COLEMAN    ID:6177422187    PAGE    2/4

## AGREEMENT

Peabody Construction Co. as the General Contractor on Brunswick Gardens ("Peabody"), [illegible] Joint Venture for Academy Homes ("Joint Venture"), [illegible] Contracting Corp. ("CDF"), the Massachusetts Laborers District Council ("Union"), Laborers Local 223 ("Union") and Massachusetts Laborers Benefit Funds ("Funds") agree as follows:

Whereas, CDF is signatory to a collective bargaining agreement with the Union pursuant to which it agreed contribute to the Funds for all laborers' work performed under the terms of its agreement; and

Whereas, CDF has performed and is continuing to perform Work as part of a Joint Venture with Peabody and [illegible] on the Academy Homes job and as a subcontractor to Peabody on the Brunswick Middle School job; and

Whereas, CDF owes the Funds an as yet unliquidated amount of fringe benefit contributions for work it has performed on the Academy Home and Brunswick Middle School jobs; and

Whereas, the Funds have demanded payment from CDF and Peabody and filed claims against Peabody's bonds; and

Whereas, the District Council notified CDF that it would lose the privilege of employing laborers if it failed to make payment out CDF failed to make payment; and

Whereas, Local 223 withdrew its laborers from the Academy Homes and Brunswick Middle School jobs; and

Whereas, upon request, Peabody provided the Massachusetts Laborers Benefit Funds with copies of all certified payroll records submitted by CDF on the Academy Homes job through July, 2003 and some, but not all, certified payroll records for the Brunswick Middle School job through August, 2003; and

Whereas, the Funds' auditor reviewed the certified payroll records and determined that CDF owes the Funds $77,275.10 for work performed on the Academy Homes job for the period March through July, 2003 and $33,873.00 on the Brunswick job, through August, 2003, based on the records provided, which did not include reports for the weeks of 7/5, 7/12, 7/19, 2/2 or [illegible]; and

Whereas, the Joint Venture paid the Funds $40,000 toward CDF's liability on the Academy Homes job, thereby reducing the liability on that job, through July, 2003, to $37,275.10, and agreed to pay all contributions still due and owing on the Academy Homes job to ensure payment of all contributions that come due; and

Whereas, Peabody agreed to pay all contributions due and owing on the Brunswick School job and to ensure payment of all contributions that come due; and

SEP-16-2003 TUE 03:05 PM BUILDING AND CONST TRADE    FAX NO. 617    365    P. 03

SEP-16-03 12:44  FROM SEGAL/ROITMAN+COLEMAN        ID:6177422187              PAGE    3/4
                 SEGAL/ROITMAN+COLEMAN             ID:9177422187                      3/4
Sep-11-03   15:30    From-PEABODY CONSTRUCTION CO INC   1781040078    T-782   P.003/004   F-882
10-17-0903  14:03    From-DENER BUILDERS,LLC        T-782

sp-11-03  10:00  FROM SEGAL/ROITMAN+COLEMAN        ID:6177422187              PAGE    3/4

Whereas, in consideration for these promises, Local 223 again referred laborers to work
on the Academy House and Brunswick Middle School jobs; and

Whereas, the parties wish to fully and finally resolve this dispute;

Now, therefore, it is agreed as follows:

1.    Peabody will promptly provide, or ensure that CDF provides, the Funds with the
labor payroll records for the Brunswick School job by no later than the close of business
Friday, September 12, 2003.

2.    Peabody will provide, or ensure that CDF provides, the Funds with payroll
records for the Academy House job for August, 2003 by no later than the close of business
Friday, September 12, 2003.

3.    Upon receipt of these records, the Funds' auditor will estimate the extent to
determine CDF's additional liability for the Academy House and Brunswick Middle School
jobs.

4.    Peabody will pay the remaining $27,225.10 owed for work performed by CDF on
the Academy House job through August 31, 2004, within an agreed time frame, but no later than
30 days from the signing of this agreement.

5.    Peabody will work with the Funds and Union to ensure that timely payment is
made for all work performed by CDF's laborers on the Academy House job for the period
September 1, 2003 until CDF ceases work on the job.

6.    Peabody hereby agrees to pay CDF's entire debt on the Brunswick Middle School
job within an agreed time frame, but no later than 30 days from the signing of this agreement.

7.    In consideration for Peabody's compliance with paragraphs 1, 2 and 4-6 supra,
and the signing of this agreement, Local 223 will return laborers to work for CDF on the
Academy House and Brunswick Middle School jobs and will not remove them during the good
faith negotiations of the unpaid benefits.

Peabody Construction Co.                    Massachusetts Laborers' Benefit Funds

By:  _____              By:  _Thomas Mosuilo_____
Date:  9-11-03                              Date:  7/15/03

Received  10-17-2003  14:03    From-6177422187    To-DENER BUILDERS,LLC    Page  003

SEP-16-2003 TUE 03:06 PM BUI⌐ NG AND CONST TRADE    FAX NO. 6172  365

SEP-16-03 12:44  FROM:SEGAL/ROITMAN+COLEMAN    ID:6177422187    PAGE   4/4
SEP-11-03  13:31   FROM:SEGAL/ROITMAN+COLEMAN    ID:6177422187    PAGE   4/4
From-BAKER BUILDERS,LLC    T-702  P.004/004  F-002
SEP-12-04 16:56  FROM:SEGAL/ROITMAN+COLEMAN    ID:6177422187    PAGE   4/4

CDF Contracting Co.                              Laborers Local 223

                                                By: _____ Mike J. Vale
By: _____                             Date:    9/03/03
Date:

Massachusetts Laborers' District Council

By: _____
Date:

Received  08-11-2004  16:48    From-6177422187    To-BAKER BUILDERS,LLC   Page  004