UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND and MASSACHUSETTS LABORERS' DISTRICT COUNCIL,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>　　　　Defendant. | C.A. NO.  04-12464 RWZ |

### ANSWER OF DEFENDANT, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

The Defendant, Travelers Casualty and Surety Company of America (hereinafter "Travelers"), hereby responds to the Complaint of the Plaintiffs as follows:

### NATURE OF ACTION

1. Travelers states that Paragraph 1 of the Complaint is an introductory paragraph setting forth a conclusion of law where no answer is required. To the extent Paragraph 1 states facts, any are denied.

### JURISDICTION

2. Travelers states that Paragraph 2 of the Complaint sets forth a conclusion of law where no answer is required. To the extent Paragraph 2 states facts, any are denied.

### PARTIES

3. Travelers has no knowledge as to the allegations set forth in Paragraph 3 of the Complaint.

4. Travelers has no knowledge as to the allegations set forth in Paragraph 4 of the Complaint.

5. Travelers has no knowledge as to the allegations set forth in Paragraph 5 of the Complaint.

6. Travelers has no knowledge as to the allegations set forth in Paragraph 6 of the Complaint.

7. Travelers has no knowledge as to the allegations set forth in Paragraph 7 of the Complaint.

8. Travelers has no knowledge as to the allegations set forth in Paragraph 8 of the Complaint.

9. Travelers has no knowledge as to the allegations set forth in Paragraph 9 of the Complaint.

10. Travelers admits the allegations set forth in Paragraph 10 of the Complaint.

## **GENERAL ALLEGATIONS OF FACT**

11. Travelers admits that ODF/Hoon/ Peabody, Joint Venture, was the general contractor on a construction project identified as Academy Homes, however, by way of further answer states that said bond speaks for itself and therefore, denies the allegations set forth in Paragraph 11 of the Complaint to the extent that they misstate, mischaracterize, contradict or otherwise go beyond the language and terms of said bond. Travelers further admits that Exhibit A was attached to the Complaint.

12. Travelers has no knowledge as to the allegations set forth in Paragraph 12 of the Complaint.

13. Travelers has no knowledge as to the allegations set forth in Paragraph 13 of the Complaint. Travelers admits that Exhibit B and Exhibit C were attached to the Complaint.

14. Travelers states that Paragraph 14 of the Complaint sets forth a conclusion of law where no answer is required. To the extent paragraph 14 states facts, any are denied.

## VIOLATION OF 40 U.S.C. §270a *ET SEQ*

15. Travelers repeats and incorporates by reference as if fully set forth herein its responses to the allegations set forth in Paragraphs 1 through 14 of the Complaint.

16. Travelers has no knowledge as to the allegations set forth in Paragraph 16 of the Complaint.

17. Travelers denies the allegations set forth in Paragraph 17 of the Complaint.

18. Travelers admits that notice was sent by certified and regular mail to Travelers and admits that a copy of said letter was attached as Exhibit D to the Complaint, however, Travelers denies the remaining allegations of Paragraph 18 of the Complaint.   Travelers admits that Exhibit E was attached to the Complaint.

19. Travelers denies the allegations set forth in Paragraph 19 of the Complaint.

20. Travelers denies the allegations set forth in Paragraph 20 of the Complaint.

21. Travelers denies the allegations set forth in Paragraph 21 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to comply with the requirements under 40 U.S.C. §270a *et seq*.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as a result of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

WHEREFORE, Travelers requests that this Court dismiss the Complaint and award Travelers its costs, expenses, attorney's fees and any other relief that this Court deems just.

        Respectfully submitted,
        TRAVELERS CASUALTY AND SURETY
        COMPANY OF AMERICA
        By its attorneys,


        //s// Sabatino F. Leo
        Edward F. Vena, BBO# 508660
        Charles A. Plunkett, BBO#
        Sabatino F. Leo, BBO# 642302
        VENA, RILEY, DEPTULA, LLP
        250 Summer Street
        Boston, MA  02210
        (617) 951-2400

Dated: January 10, 2005

**CERTIFICATE OF SERVICE**

    I, Sabatino F. Leo, hereby certify that I have, on this 10th day of January 2005 served a copy of the within by first class mail, postage prepaid to all counsel of record.

_____
Sabatino F. Leo